## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Gould-National
Batteries, Inc., etc.

v.

Tidewater
Distributors, Inc., etc.

July 21, 1965

By JUDGE ALEX H. SANDS, JR.

Defendant's demurrer is based upon two grounds: (a) that the account filed does not comply with Code Section 8-510 in that it merely contains ledger sheets, and (b) that the ledger sheets filed supporting the affidavit show a balance due from plaintiff to defendant rather than defendant to plaintiff and thus constitutes a fatal variance.

Both grounds are factually sound but it is thought that neither can be taken advantage of by demurrer.

Section 8-510 contemplates an account which states distinctly the *several items* of the claim. Copies of ledger sheets giving only invoice numbers would not seem to comply with this language. The only effect, however, of plaintiff's failure strictly to comply with this section would be to relieve defendant of the necessity of filing a counter affidavit under Section 8-511. He could then go to trial upon the issue of whether or not he owed the amount claimed.

The variance apparent from the pleadings is found in the summary statement sheet filed with the plaintiff's affidavit showing the plaintiff to be indebted to the defendant rather than the defendant to the plaintiff as is alleged in the motion for judgment.

This variance should be taken advantage of not by demurrer but by plea in abatement. *See* Code Section 8-118.

If a plea in abatement be filed based upon this variance, it will be sustained with leave being granted plaintiff, however, to amend pursuant to the provisions of Section 8-118.